UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CYMBAL ATKINSON,**<br><br>                              **Plaintiff,**<br><br>      **vs.**<br><br>**WALMART,      INC.,      WALMART SUPERCENTER #5476; JOHN DOES 1-10 (fictitious names representing unknown individuals); ABC CORPORATIONS 1- (fictitious names representing unknown entities),**<br><br>                              **Defendant.** | **Civil Action No.: 3:23-CV-00213**<br><br><br>              **ANSWER** |

Defendants Walmart, Inc. and Walmart Supercenter #5476 (collectively, "Defendants" or "Walmart"), by their attorneys, Landman Corsi Ballaine & Ford P.C., hereby answers the Complaint herein as follows:

**FACTUAL BACKGROUND**

1.      Defendants admit the allegations contained in Paragraph 1 of the Complaint.

2.      Defendants admit only that, on or about June 9, 2021, Walmart operated the Walmart location at 820 Cooper Street, in the City of Woodbury, County of Gloucester, and State of New Jersey, pursuant to a lease agreement.  After the execution of a Confidentiality Agreement, the lease agreement will be provided.  All other allegations contained in Paragraph 2 are denied.

3.      Defendants admit that, on or about June 9, 2021, Walmart conducted business in the State of New Jersey, but denies that its principal place of business was located at 820 Cooper Street, in the City of Woodbury, County of Gloucester, and State of New Jersey.

4.    Defendants admit only that, on or about June 9, 2021, Walmart operated the Walmart location at 820 Cooper Street, in the City of Woodbury, County of Gloucester, and State of New Jersey, pursuant to a lease agreement.  After the execution of a Confidentiality Agreement, the lease agreement will be provided.  All other allegations contained in Paragraph 4 are denied.

5.    Defendants aver that the allegations contained in Paragraph 5 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5.

6.    Defendants deny the allegations contained in Paragraph 6 of the Complaint.

7.    Defendants deny the allegations contained in Paragraph 7 of the Complaint.

**FIRST COUNT**

8.    Defendants repeat each response contained in Paragraphs 1 through 7 of the Answer as if fully set forth at length herein.

9.    Defendants aver that the allegations contained in Paragraph 9 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 (incorrectly identified as duplicate Paragraph 2).

10.    Defendants deny the allegations contained in Paragraph 10 of the Complaint (incorrectly identified as duplicate Paragraph 3).

11.    Defendants deny the allegations contained in Paragraph 11 of the Complaint (incorrectly identified as duplicate Paragraph 4).

**WHEREFORE,** Defendants demand judgment dismissing the Complaint herein, together with Attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems just and proper.

## SECOND COUNT

12.     Defendants repeat each response contained in Paragraphs 1 through 11 of the Answer as if fully set forth at length herein.

13.     Defendants aver that the allegations contained in Paragraph 13 of the Complaint contain conclusions of law to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 (incorrectly identified as second duplicate Paragraph 2).

14.     Defendants deny the allegations contained in Paragraph 14 of the Complaint (incorrectly identified as second duplicate Paragraph 3).

15.     Defendants deny the allegations contained in Paragraph 15 of the Complaint (incorrectly identified as second duplicate Paragraph 4).

**WHEREFORE,** Defendants demand judgment dismissing the Complaint herein, together with Attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems just and proper.

## THIRD COUNT

16.     Defendants repeat each response contained in Paragraphs 1 through 15 of the Answer as if fully set forth at length herein.

17.     Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 (incorrectly identified as third duplicate Paragraph 2).

18.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 (incorrectly identified as third duplicate Paragraph 3).

**WHEREFORE,** Defendants demand judgment dismissing the Complaint herein, together with Attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems just and proper.

## FOURTH COUNT

19.    Defendants repeat each response contained in Paragraphs 1 through 18 of the Answer as if fully set forth at length herein.

20.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 (incorrectly identified as fourth duplicate Paragraph 2).

21.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 21 (incorrectly identified as fourth duplicate Paragraph 3).

**WHEREFORE,** Defendants demand judgment dismissing the Complaint herein, together with Attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Any injuries suffered by Plaintiff were caused solely by his own negligence and not by any negligence of Defendants.

**SECOND AFFIRMATIVE DEFENSE**

Any claims which Plaintiff may have against Defendants are barred, or, alternatively, must be reduced by virtue of the doctrine of comparative negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1, et seq.

**THIRD AFFIRMATIVE DEFENSE**

Any injuries suffered by Plaintiff were not caused by a negligent act or omission of Defendants.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate or otherwise act to lessen or reduce the damages alleged in the Complaint.

**FIFTH AFFIRMATIVE DEFENSE**

This Court lacks personal jurisdiction over Defendants based upon insufficient service of process.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a cause of action against Defendants upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

If any damages are recoverable against Defendants, the amount of such damages shall be diminished by the liability of others.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff assumed the risks of which he now complains.

**NINTH AFFIRMATIVE DEFENSE**

No acts or omissions of Defendants proximately caused Plaintiff's damages.

## TENTH AFFIRMATIVE DEFENSE

Defendants claim the benefit of each and every credit or offset by reason of any replacement or indemnification of costs or expenses from any collateral source.

## ELEVENTH AFFIRMATIVE DEFENSE

Any damages, losses, or injuries sustained by Plaintiff were caused by the acts and/or omissions of persons or entities other than Defendants and over whom Defendants exercised no control.

## TWELFTH AFFIRMATIVE DEFENSE

Any claims which Plaintiff may have against Defendants are barred by the doctrines of collateral and/or judicial estoppel, issue preclusion, and res judicata.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were due to, and proximately caused by, a pre-existing, intervening, or superseding injury, illness, condition, or other cause.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries and damages were the result of natural processes and/or pre-existing conditions and would have occurred just as they did irrespective of Defendants' actions or conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced pursuant to the Patient Protection and Affordable Care Act, 42 U.S.C. 18001, et seq.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's recovery, if any, from Defendants is limited by law and/or contract.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to join required, indispensable, and necessary parties to this litigation, including but not limited to the not yet identified JOHN DOE 1-5 and XYZ CORPORATION involved in the alleged incident.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

Defendants were not placed on actual or constructive notice of the hazardous or dangerous condition alleged in the Complaint and therefore all claims against it must be denied.

## TWENTIETH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

**WHEREFORE,** Defendants demands judgment dismissing the Complaint herein, together with Attorneys' fees, interest, costs of suit, and such other and further relief as this Court deems just and proper.

## DENIAL OF ALL CROSS-CLAIMS AND AFFIRMATIVE DEFENSES TO CROSS CLAIMS

Defendants hereby denies any and all of the allegations contained in any and all cross-claims asserted against them, and hereby incorporates all of its affirmative defenses to Plaintiff's Complaint, enumerated above, in response to any and all cross-claims asserted against it.

## CROSS-CLAIMS

Defendants, by its attorneys Landman Corsi Ballaine & Ford P.C., hereby assert the following cross-claims against co-defendants John Does #1-10, ABC Corporations 1-10 and any other co-defendants yet to be named or identified in this Action (collectively, "Co-defendants"):

## FIRST COUNT

1.      Defendants invoke the provisions of the Joint Tortfeasors Contribution Law, N.J.S.A. 2A:53A 1, et seq., the Comparative Negligence Act, N.J.S.A. 2A:15 5.1 et seq., and all of their applicable provisions as they may by law or fact appear against Co-defendants.

## SECOND COUNT

1.      Defendants have been named in a Complaint alleging, inter alia, that they are liable to Plaintiff with respect to an incident that occurred on June 9, 2021.

2.       While denying any and all liability with respect to Plaintiff's claims, if in fact any liability is established, Defendants are not at fault, not morally culpable, and any liability on their part, which is denied, could only be technical, vicarious, or secondary to the liability of Co-defendants.

**WHEREFORE**, Defendants demand judgment against Co-defendants for contribution and indemnity, together with attorneys' fees, interest and costs of suit, and such other relief as the Court deems just and proper.

## JURY DEMAND

Defendants hereby demands a trial by jury of all issues so triable.


LANDMAN CORSI BALLAINE & FORD P.C.
By:     */s/ Sam Hanna*
        Sam F. Hanna, Esq.
        Attorneys for Defendants
        Walmart, Inc.; and,
        Walmart Supercenter #5476
        One Gateway Center, 22nd Floor
        Newark, NJ 07102
        (973) 623-2700


Dated: February 2, 2023

## <u>CERTIFICATION</u>

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.


LANDMAN CORSI BALLAINE & FORD P.C.
By: _/s/ Sam Hanna_
  Sam F. Hanna, Esq.
  Attorneys for Defendants
  Walmart, Inc.; and,
  Walmart Supercenter #5476
  One Gateway Center, 22nd Floor
  Newark, NJ 07102
  (973) 623-2700

Dated: February 2, 2023